Filed 5/22/24  P. v. Mauldin CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082621 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CR50251) |
| CHARLES JAMES MAULDIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Yvonne Esperanza Campos, Judge.  Affirmed.

Charles James Mauldin, in pro. per.; and Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Charles James Mauldin appeals from an order denying his petition for resentencing under Penal Code,[1] section 1172.6.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and

---

[1]    Undesignated statutory references are to the Penal Code.

Mauldin filed a supplemental brief. We find no reasonably arguable appellate issues and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1980, a jury convicted Mauldin of first degree murder. (§ 187.) The jury also found Mauldin personally used a firearm while he committed the murder. (§ 12022.5.) Mauldin was sentenced to two years plus 25 years to life. This court affirmed the judgment in the direct appeal. (*People v. Mauldin* (Jul. 22, 1981, 4 Crim. No. 11930) [nonpub. opn.].)

In October 2022, Mauldin filed a section 1172.6 petition for resentencing. After appointment of counsel and briefing by the parties, the superior court issued a written decision denying the petition. The court found Mauldin failed to state a prima facie claim for relief under section 1172.6, because the record of conviction established Mauldin as the actual killer.

## DISCUSSION

Mauldin's appellate counsel has filed a brief raising no issues and requesting this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216. Counsel identifies the following issues to assist the court:

(1) Did the trial court err by denying Mauldin's petition at the prima facie stage?;

(2) Did the trial court err by denying the petition without holding a hearing?; and

(3) Did the trial court err by relying on the statement of facts contained in the prior appellate opinion?

We conclude the trial court properly denied Mauldin's section 1172.6 petition because Mauldin failed to state a prima facie claim for relief. At Mauldin's trial, the jury was instructed that first degree murder is a willful,

2

deliberate, and premeditated killing with express malice and the specific intent to kill. There were no codefendants and no instructions for felony murder, natural and probable consequences, or imputed malice. The record of conviction establishes that in convicting Mauldin of first degree murder, the jury determined he was the actual killer, and he is therefore ineligible for section 1172.6 relief as a matter of law. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [section 1172.6 petition may be summarily denied when the record of conviction establishes as a matter of law that the jury determined the defendant was the actual killer].)

We acknowledge that the superior court denied Mauldin's petition without holding a hearing. Additionally, in concluding Mauldin failed to state a prima facie case for relief, the superior court's order discussed the statement of facts from the opinion in Mauldin's direct appeal. To the extent the superior court did not strictly comply with section 1172.6 in these respects we find any error harmless because Mauldin is ineligible for relief as a matter of law. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973; *People v. Vance* (2023) 94 Cal.App.5th 706, 714.)

Mauldin's remaining contentions in his supplemental brief are also unpersuasive. He contends the prosecution violated *Brady v. Maryland* (1963) 373 U.S. 83 by withholding exculpatory evidence. He also contends police violated *Miranda v. Arizona* (1966) 384 U.S. 436 during his interrogation by failing to inform him of his right to remain silent. A section 1172.6 petition, however, is not an opportunity to relitigate alleged errors that occurred during the underlying investigation or at trial. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of

3

trial error or attack the sufficiency of the evidence supporting the jury's findings."].)

## DISPOSITION

The order denying Mauldin's petition for resentencing under section 1172.6 is affirmed.


RUBIN, J.

WE CONCUR:


DO, Acting P. J.


BUCHANAN, J.